UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LARSON MANUFACTURING COMPANY OF SOUTH DAKOTA, INC., SUPERIOR HOMES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN SHOWCASE HOMES, INC., AMERICAN MODULAR HOUSING GROUP, LLC, AMERICAN MODULAR HOUSING GROUP, INC., PAUL THOMAS, <br><br> Defendants. | 4:16-CV-04118-LLP <br><br> ORDER DENYING DEFENDANTS' MOTION TO FILE THIRD-PARTY COMPLAINT <br><br> DOCKET NO. 13 |

## INTRODUCTION

This matter is before the court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, after defendants removed the matter from South Dakota state court. See Docket No. 1, 1-1. Defendants now seek permission to file a third-party complaint adding claims against six new third-party defendants. See Docket No. 13, 13-1. Plaintiffs oppose the motion. See Docket No. 15. The court denies the motion for the following reasons.

## FACTS

The following facts are taken from plaintiffs' amended complaint. The recitation of these facts should not be interpreted as the court's imprimatur of the verity of the facts. Rather, they are recited to frame the claims in order to evaluate defendants' pending motion.

Plaintiff Larson Manufacturing Company of South Dakota, Inc. (Larson) is the parent company of plaintiff Superior Homes, LLC (Superior). See Docket No. 1-6 at 4. Both are South Dakota business entities. Id. Superior is in the business of manufacturing and selling modular homes. Id.

Defendant Western Showcase Homes, Inc. ("Western") is a Nevada corporation in the business of purchasing, reselling, and financing modular homes. Id. at 5. Defendant Paul Thomas, a Nevada resident, is the sole member of American Modular Housing Group, LLC (AMHG, LLC), a Nevada company in the business of buying and reselling modular homes. Id. American Modular Housing Group, Inc. (AMHG, Inc.), is a Canadian corporation with its principal place of business in Nevada that also buys and resells modular homes. Id. Thomas is the principal agent and owner of both AMHG entities. Id.

The defendant entities would purchase modular homes from Superior and then re-sell those homes to customers, sometimes arranging for delivery, set and completion of the home at the customer's location. Id. Larson and Superior extended credit to the defendant entities for these purchases; AMHG would then repay the loans when its customer paid the defendant entities. Id. at 6.

The complaint recites that defendant entities placed orders for 26 modular homes with plaintiffs. Plaintiffs constructed the homes. Of the homes that were delivered to defendants, full payment was never made although the complaint alleges the ultimate customers who received these homes paid defendants. Other modular homes ordered by defendants were custom-built and never delivered because defendants never paid for the homes. As to the homes plaintiffs retain

2

possession of, plaintiffs allege the custom nature of the homes makes resale of the homes at a reasonable value impracticable.

In addition, Larson entered into a loan agreement with Western which was guaranteed by AMHG, Inc. This loan agreement ultimately encompassed $14 million in funds. Larson alleges that Western defaulted on the loan and AMHG, Inc. refused to pay pursuant to its guarantee. For all these matters, plaintiffs assert eight counts of breach of contract, five counts of unjust enrichment, two counts of tortious interference with business expectancy, three counts of fraud, two counts of conversion, one count each of debt and guarantee, and one count of piercing the corporate veil.

Defendants generally deny nearly all of plaintiffs' allegations in their amended complaint. See Docket No. 6 at 1-16. In addition, defendants assert five counterclaims against Larson and Superior. Id. at 17-27. Those counterclaims include breach of contract (failure to pay rebates, failure to pay personal loans from Thomas); unjust enrichment (rebates, warranty and service fees); tortious interference with business expectancy (Aspen Links Country Club, Aspen Village Properties, and Waugh Who Developments); breach of contract (manufacturing defects in modular homes); and fraud and deceit (fraudulent inducement to sign a mortgage in connection with Aspen Village and McKenzie Lane, assignment of mortgage interest in Moose Ridge). See Docket No. 6 at pp. 17-27. Defendants seek compensatory and punitive damages on their counterclaims, pre- and post-judgment interest, attorney's fees, and other remedies. Id. at 27.

Defendants now seek to file a third-party complaint pursuant to Federal Rule of Civil Procedure 14(a)(1). See Docket No. 13, 13-1. That third-party

3

complaint, if allowed, would add the following parties: William Retterath, Greg Jahnke, Rylan Waugh, Aspen Village Properties, Ltd., Mauri Gwyn Development, Ltd.; and Waugh Who Developments, Ltd. as parties. Id. at 1. Five of the six new parties defendants seek to add are citizens and residents of Canada. Id. at 2-4. The third-party complaint would assert a claim of tortious interference with contract or business expectancy against all the new parties. Id. at 5-7. It would assert claims of defamation against Jahnke and Retterath. Id. at 7. It would assert claims of breach of contract against Aspen Village, Mauri Gwyn, and Waugh Who. Id. at 8-10. And it would seek punitive damages against Retterath. Id. at 10.

Retterath is the only proposed new party who is a resident of the United States. Id. at 2-3. He is the Chief Financial Officer of plaintiff Larson and resides in Brookings, South Dakota. Id.

Plaintiffs oppose defendants' request to file the proposed third-party complaint. See Docket No. 15. They assert Rule 14(a)(1) does not authorize defendants' third-party complaint. Id. at 1-5. Plaintiffs also assert they would be prejudiced by allowing defendants to file a third-party complaint. Id. at 5-6.

## DISCUSSION

Rule 14(a)(1), which defendants invoke in support of their motion, provides as follows:

> **(a) When a Defending Party May Bring in a Third Party.**
>
> **(1) *Timing of the Summons and Complaint.*** A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

4

See FED. R. CIV. P. 14(a)(1).

Here, defendants filed their answer to plaintiffs' amended complaint on September 21, 2016.  See Docket No. 6.  They filed the motion seeking to file their proposed third-party complaint on January 31, 2017.  Therefore, more than 14 days have elapsed since the answer was filed and defendants must have leave of court to assert their third-party complaint.

A reading of the plain language of Rule 14(a)(1) shows that the rule authorizes a defendant to assert a third-party complaint only when the party named in that third-party complaint is liable to the defendant for part or all of the defendants' liability (if any) to the plaintiff.  Rule 14(a)(1) requires the third-party defendants' liability to be derivative of defendants' own liability to plaintiffs.

The claims defendants wish to assert in their proposed third-party complaint do not fit this rubric—the claims are independent, free-standing claims.  The claims defendants sketch out are not dependent upon a finding of defendants' liability to plaintiffs under plaintiffs' amended complaint.  Thus, Rule 14(a)(1) does not appear to authorize defendants' proposed third-party complaint.  This reading of Rule 14(a)(1) is supported by the cases and secondary sources interpreting it.

In Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 (8th Cir. 2003), plaintiffs sued defendants in Iowa state court for payment of rent on real property.  The defendants filed a third-party complaint against the Small Business Administration (SBA), alleging the SBA had given defendants a loan for a business but failed to warn defendants the business had faulty equipment and contaminated material.  Id.  The SBA removed the matter to federal court and moved to dismiss the third-party complaint arguing, among other things, that the

5

third-party complaint was not proper under Rule 14. Id. at 697-98. The Eighth Circuit agreed. Id. at 698.

Rule 14(a)(1) authorizes suits against a third party where "the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." Id. (quoting Stewart v. American Internat'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988)). The rule "allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." Id. (quoting United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987)). Because defendants had not shown that the SBA's potential liability on the business loan was in any way dependent upon or derivative of defendants' liability to the plaintiffs on the real property lease, the court held the third party complaint was not proper under Rule 14. Id. at 698-99. See also Gaines v. Sunray Oil Co., 539 F.2d 1136, 1139 n.7 (8th Cir. 1976) (claim could not be asserted as a third-party complaint because it was not a claim for indemnity); Martin Ankeny Corp. v. CTB Midwest, Inc., 2015 WL 11112557 at *4 (S.D. Iowa 2015) (disallowing a third-party complaint where the claims therein were not dependent upon the plaintiff's claims against the defendant).

The secondary sources agree with the above court interpretations of Rule 14:

> A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party. The secondary or derivative liability notion is central

6

> and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory.
>
> If the claim is separate or independent from the main action, the impleader will be denied. The claim against the third party must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff. *The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.*

See Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, A. Benjamin Spencer, and Adam N. Steinman, Fed. Practice & Procedure Civ., § 1446 (3d ed. Jan. 2017) (emphasis added). See also 3 James W. Moore et al, Moore's Fed. Practice, § 13.112 (3d ed. 2015).

An examination of defendants' claims in their proposed third-party complaint reveals they are not pleading any derivative claims based on indemnity, subrogation, contribution, or a warranty on defendants' own performance owed to plaintiffs. See Docket No. 13-1. Instead, the claims are independent, stand-alone claims. For example, the tortious interference claim alleges, *inter alia*, that the third-party defendants[1] have interfered with defendants' business expectancies and contracts with the plaintiffs. Id. at 5-7. If true, third-party defendants would be liable to defendants for this claim regardless of whether plaintiffs succeed in obtaining a judgment against defendants.

The proposed defamation claims against Jahnke and Retterath allege that those two parties have made intentional false statements to various individuals

---

[1] Count One in the proposed third-party complaint states it is being asserted against all third-party defendants. However, only third-party defendants Retterath, Jahnke, and Waugh are stated to have intentionally and tortiously interfered. See Docket No. 13-1 at 5-7. Thus, it appears no tortious interference claim is proposed against third-party defendants Aspen Village Properties, Ltd.; Mauri Gwyn Development, Ltd.; and Waugh Who Developments, Ltd.

7

(not just plaintiffs) that have damaged defendants.  Id. at 7-8.  Again, if this is true, Jahnke and Retterath would be liable to defendants regardless of whether plaintiffs succeed in obtaining judgment against defendants.

The breach of contract claims are of similar character.  Plaintiffs' amended complaint alleges, for example, as to the Aspen Units, that plaintiffs supplied defendants ten units worth $2 million to be assembled at the Aspen Village Properties development in Regina, Saskatchewan, Canada.  See Docket No. 1-6 at 16.  Plaintiffs loaned defendants money to develop this real estate in which defendants had an interest.  Id. at 16-17.  Plaintiffs allege defendants received payments from the final customers, and that plaintiffs had a right to receive those payments.  Id. at 17.  Instead of turning the payments over to plaintiffs, defendants are alleged to have kept the payments and converted them to their own use.  Id.

Although defendants propose to assert breach of contract claims against Aspen Village Properties, Ltd., those claims are distinct from plaintiffs' claims.  See Docket No. 13-1 at 8-9.  Defendants allege they have entered into "multiple contracts" with Aspen Village over the years concerning the sale and development of modular homes.  Id.  Without specifying *which* contracts were breached, defendants allege Aspen Village breached its contract with defendants by failing to remit a share of profits to defendants as agreed; failure to remit rebates owed to defendants; failure to remit administration fees to defendants; failure to remit "other agreed payments" to defendants; failure to pay taxes, insurance, bonds and commissions; authorizing changes and modifications not contemplated by contract; and failing to fulfill its duties of contractor of record for the work.  Id.

8

These allegations, if true, would obligate Aspen Village to defendants regardless of whether plaintiffs succeed in their claims against defendants.

In <u>Martin Ankeny Corp.</u>, the district court found that, even though defendants' motion to add parties under Rule 14 was not well placed, dismissal was not appropriate. <u>Martin Ankeny Corp.</u>, 2015 WL 11112557 at *5. Instead, the court considered whether joinder of the additional parties was proper under Rules 13(h), 19 and 20. <u>Id.</u> Those rules govern the joinder of an additional party to a counterclaim. <u>Id.</u>

Here, nothing in defendants' proposed third-party complaint indicates that any of the proposed third-party defendants is in contractual privity with plaintiffs or have been injured by plaintiffs in the ways defendants allege in their counterclaims. Therefore, unlike in the <u>Martin Ankeny Corp.</u> case, denial of the request to add these parties under Rule 14 is appropriate. Alternative joinder under Rules 13(h), 19 and 20 is unavailing—at least based on the information presented to the court at present.

Finally, the plaintiffs' assertion of prejudice is fairly obvious. Defendants' third-party complaint, if allowed, would greatly expand the scope of issues, facts, and parties presented in this lawsuit. It would entail a great deal of additional discovery, and would delay plaintiffs' lawsuit significantly, without having any impact on plaintiffs' basic claims against defendants or defendants' counterclaims against plaintiffs.

## CONCLUSION

Based on the foregoing facts, law and analysis, it is hereby

ORDERED that defendants' motion to file a third-party complaint pursuant to Fed. R. Civ. P. 14(a)(1) is hereby denied.

DATED March 8, 2017.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge