UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LARSON MANUFACTURING COMPANY OF SOUTH DAKOTA, INC., SUPERIOR HOMES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN SHOWCASE HOMES, INC., AMERICAN MODULAR HOUSING GROUP, LLC, AMERICAN MODULAR HOUSING GROUP, INC., PAUL THOMAS, <br><br> Defendants. | 4:16-CV-04118-LLP <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL <br><br> DOCKET NO. 19 |

## INTRODUCTION

This matter is before the court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, after defendants removed the matter from South Dakota state court. See Docket No. 1, 1-1. Plaintiffs Larson Manufacturing Company of South Dakota, Inc. and Superior Homes, LLC (collectively "plaintiffs") have filed a motion to compel defendants to provide discovery responses. See Docket No. 19.

## FACTS

The facts alleged by plaintiffs are straight forward. Plaintiffs served discovery requests (a first set of interrogatories and requests for the production of documents) on defendants December 6, 2016. See Docket No. 21-1. Defendants failed to respond within the 30-day response period allotted by the Federal Rules of Civil Procedure. See Docket No. 21. Plaintiffs' counsel contacted defendants' counsel to inquire about obtaining defendants' responses on three occasions:

January 19, 2017; February 1, 2017; and February 17, 2017. Id.; Docket No. 21-2. Despite assurances to the contrary, defendants never responded to the discovery requests. See Docket No. 21. On February 27, 2017, plaintiffs filed the instant motion. See Docket Nos. 19-21.

Defendants' response to the motion is two-fold. First, defendants assert that they have provided plaintiffs with numerous documents already. See Docket No. 23. Defendants also assure the court that, as of March 20, 2017, they have "nearly completed" responses to plaintiffs' "formal discovery requests" and "expect to provide them" to plaintiffs that week. Id.

Plaintiffs' reply brief, filed April 3, 2017, indicate that defendants' counsel forwarded to plaintiffs' counsel unsigned discovery responses on March 27, 2017. See Docket No. 24. As of April 3, plaintiffs had received no signed discovery requests from defendants. Id. As to the documents previously provided by defendants to plaintiffs, plaintiffs assert these documents relate to only part of their claims; they have received no requested documents relevant to other claims plaintiffs have asserted. See Docket No. 26. Plaintiffs request an order from the court requiring defendants to provide signed discovery responses, requested documents, and awarding the sum of $2,584.76 in reasonable attorneys fees incurred in bringing the motion to compel.

## DISCUSSION

Interrogatories to parties in a lawsuit must be answered within 30 days after they are served. See FED. R. CIV. P. 33(b)(2). The parties may stipulate to a longer or shorter response time. Id. Answers to interrogatories must be full and

2

complete unless objected to with specificity.  Id. at (b)(3) & (4).  The party or its agent who makes the answers must sign the answers under oath.  Id.

Similar rules apply to requests for the production of documents.  Responses to document requests must be made within 30 days of the service of the request unless the parties stipulate to a shorter or longer response time.  See FED. R. CIV. P. 34(b)(2).  The responding party must state whether copies will be provided or inspection allowed.  Id.  In the alternative, if an objection to producing the documents is made, the objection must be lodged with specificity.  Id.

Although a party need not reproduce documents previously produced, the party must indicate with specificity the documents which are responsive to the request.  So if, for example, documents BATES stamped 1-57 are responsive to document request number 1 and were previously provided to the requesting party (for example in the responding parties' initial disclosures), the written response to document request number 1 would be:  "documents responsive to this request were previously provided and are BATES stamped 1-57."  In actuality, the responding party is objecting to the discovery request on the grounds of duplication, but the requirement for stating the objection with specificity requires explaining *how* the request is duplicitous.  Furthermore, if the document request was broader than the documents BATES stamped 1-57, the responding party would—of course—have an obligation to produce the additional documents.

Rule 37 of the Rules of Civil Procedure provides the method for enforcing the other discovery rules.  If a responding party fails to respond to a discovery request, or responds evasively or incompletely, the requesting party may file a motion to compel after first attempting to resolve the matter in good faith with the other

party.  See FED. R. CIV. P. 37(a)(1), (a)(3)(B), and (a)(4).  The rule provides that the court "must" impose sanctions in the form of reasonable expenses incurred in making the motion if the responding party provides the discovery responses after the filing of the motion to compel.  See FED. R. CIV. P. 37(a)(5)(A).  Exceptions to this mandatory requirement for imposing sanctions are (1) if the movant failed to attempt a good faith settlement of the issue before filing the motion, (2) the responding party's failure to respond was "substantially justified," or (3) other circumstances make an award of sanctions unjust.  Id.

The court finds plaintiffs' motion well-founded.  Defendants did not lodge any objections with specificity to plaintiffs' discovery requests.  In addition, defendants did not provide their responses to plaintiffs' discovery requests until after the motion to compel was filed.  Finally, although plaintiffs' reply has been pending for over a month, defendants have not asserted any of the three possible grounds that might defeat an award of sanctions.  Neither have defendants objected to the amount of sanctions requested.  The court finds that plaintiffs also satisfied their obligation to attempt in good faith to settle the matter before filing the motion.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that plaintiffs' motion to compel [Docket No. 19] is granted.  If defendants have not done so already, defendants shall immediately provide to plaintiffs discovery responses in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure.  It is further

4

ORDERED that defendants shall pay to plaintiffs on or before May 22, 2017, the sum of $2,584.76 as reasonable attorney's fees in connection with bringing the instant motion.

DATED May 8, 2017.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge