UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LARSON MANUFACTURING COMPANY OF SOUTH DAKOTA, INC., SUPERIOR HOMES, LLC, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> vs. <br><br> AMERICAN MODULAR HOUSING GROUP, LLC and PAUL THOMAS, <br><br> Defendants, <br><br> and WESTERN SHOWCASE HOMES, INC. and AMERICAN MODERN HOUSING GROUP, INC. <br><br> Defendants/Counterclaim Plaintiffs. | 4:16-CV-04118-VLD <br><br><br> ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS <br><br> Docket No. 52 |

**INTRODUCTION**

This matter is before the court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, after defendants removed the matter from South Dakota state court. See Docket No. 1, 1-1. The parties have consented to this magistrate judge handling their case pursuant to 28 U.S.C. § 636(c). Now pending is defendants' motion for judgment on the pleadings regarding plaintiffs' fraud claims. See Docket No. 52. Plaintiffs oppose the motion. See Docket No. 63.

**FACTS**

**A.  Background Facts and Claims**

The court states the following facts from plaintiffs' second amended complaint in order to evaluate defendants' pending motion.  Plaintiff Larson Manufacturing Company of South Dakota, Inc. (Larson) is the parent company of plaintiff Superior Homes, LLC (Superior).  See Docket No. 58 at p. 1.  Both are South Dakota business entities.  Id.  Superior is in the business of manufacturing and selling modular homes.  Id. at p. 2.

Defendant Western Showcase Homes, Inc. ("Western") is a Nevada corporation in the business of purchasing, reselling, and financing modular homes.  Id. at p. 2.  Defendant Paul Thomas, a Nevada resident, is the sole member of American Modular Housing Group, LLC (AMHG, LLC), a Nevada company in the business of buying and reselling modular homes.  Id.  American Modular Housing Group, Inc. (AMHG, Inc.), is a Canadian corporation with its principal place of business in Nevada that also buys and resells modular homes.  Id.  Thomas is the principal agent and owner of both AMHG entities.  Id.

The defendant entities purchased modular homes from Superior and then re-sold those homes to customers, sometimes arranging for delivery, set and completion of the home at the customer's location.  Id.  at pp. 2-3.  Larson and Superior extended credit to the defendant entities for these purchases; AMHG would then repay the loans when its customer paid the defendant entities.  Id. at p. 3.

The second amended complaint recites that defendant entities placed orders for fourteen modular homes with plaintiffs. Plaintiffs constructed the homes. Of the homes that were delivered to defendants, full payment was never made even though the complaint alleges the ultimate customers who received these homes paid defendants. Other modular homes ordered by defendants were custom-built and never delivered because defendants never paid for the homes. As to the homes plaintiffs retain possession of, plaintiffs allege the custom nature of the homes makes resale of the homes at a reasonable value impracticable.

In addition, Larson entered into a loan agreement with Western which was guaranteed by AMHG, Inc. This loan agreement ultimately encompassed $14 million in funds. Larson alleges that Western defaulted on the loan and AMHG, Inc. refused to pay pursuant to its guarantee. For all these matters, plaintiffs assert three counts of breach of contract, two counts of fraud, two counts of conversion, one count each of debt and guarantee, and one count of piercing the corporate veil.[1] Plaintiffs also allege defendant Thomas converted

---

[1] The plaintiffs' first amended complaint contained several additional claims. See Docket 1-6. During the course of this litigation in federal court, however, the parties reached a settlement agreement regarding several of the claims contained within the first amended complaint and the defendants' counterclaims against the plaintiffs which were associated with those settled claims. As a result of the settlement agreement, the parties agreed to dismiss the affected claims/counterclaims in this lawsuit. Plaintiffs eventually moved to compel enforcement of the settlement agreement (Docket 31), and the court granted that motion. Docket 50. Thereafter, the plaintiffs filed their second amended complaint, which appears to have deleted the claims which are the subject of the settlement agreement. Docket 58. Likewise, the defendants filed their amended counterclaim, which appears to have deleted the counterclaims which are the subject of the settlement agreement. Docket 57.

money which was received from third parties and intended for plaintiffs, but was instead used by Mr. Thomas for his own personal use. See Docket No. 58 at ¶¶ 15, 20, 49- 51.

In their answer to the second amended complaint, defendants generally deny nearly all of plaintiffs' allegations. See Docket No. 62. Defendants Western Showcase, Inc., and American Modular Housing Group, Inc., assert five counterclaims against Larson and Superior. Docket No. 57. Those counterclaims include breach of contract (failure to pay rebates, failure to repay personal loans from Thomas and failure to provide future promised business); unjust enrichment (rebates, warranty and service fees); tortious interference with business expectancy (Aspen Links Country Club and Aspen Village Properties); breach of contract (manufacturing defects in modular homes); and fraud and deceit (fraudulent inducement to sign a mortgage in connection with Aspen Village and McKenzie Lane, assignment of mortgage interest in Moose Ridge, fraudulent building practices ). See Docket No. 57 at pp. 7-9. Defendants/counterclaim plaintiffs Western Showcase, Inc. and AMHG, Inc. seek compensatory and punitive damages on their counterclaims, pre- and post-judgment interest, attorney's fees, and other remedies. Id. at 9.

The dates of the business transactions alleged by plaintiffs in their second amended complaint go back as far as April, 2012, and extend into the year 2016. See Docket No. 58.

**B.      Fraud Allegations in Plaintiffs' Second Amended Complaint**

The defendants move for judgment on the pleadings based upon their assertion that, pursuant to FED. R. CIV. P. 9(b), the fraud allegations contained within the plaintiffs' second amended complaint are insufficient as a matter of law.  Before analyzing the applicable law, therefore, the court extracts the fraud allegations in the second amended complaint.  Counts 5 and 8 of the second amended complaint are both entitled "fraud and deceit," and are both leveled against Paul Thomas in his personal capacity.  Docket 58, p. 7, ¶¶ 53-58 (count 5); pp. 9-10, ¶¶ 75-79 (count 8).  Count 5 pertains to the representations Paul Thomas made to defendants regarding the Aspen Units in particular.  It states as follows:

> Thomas made representations of fact to Larson that he would collect and forward to Larson the proceeds received for sale of the Aspen Units to which Larson was entitled.  At the time Thomas made said representations of fact, he knew or had reasonable grounds for believing them not to be true.  Thomas made said representations of fact with the intent to induce Larson to fund the purchase of the Aspen Units.  Larson relied on said representations of fact and funded AMHG, LLC's purchase of the Aspen Units.  As a result of Thomas's deceit, Aspen has been injured in an amount to be proven at trial.

See Docket 58, ¶¶ 54-58.

Count 8 pertains to the representations made by Paul Thomas to the plaintiffs regarding the intent and ability of Mr. Thomas and his entities to perform their obligations pursuant to credit contracts and money advances granted to      Mr. Thomas and his entities by the plaintiffs, as well as the purpose for which the monies received would be used.  Count 8 states as follows:

Over the course of the dealings between the Thomas Entities and Plaintiffs, Thomas made representations of fact asserting his intention to perform his and the Thomas Entities' obligations under the respective contracts, asserting the Thomas Entities were able to pay such obligations, and asserting advances provided by Plaintiffs would be used for modular unit purchases and real estate development purchases. Thomas made those representations of fact with the intent to induce Plaintiffs' reliance on those representations. Plaintiffs relied on Thomas's representations by manufacturing and shipping Units to the Thomas Entities without prepayment and by advancing monies under the Credit Agreement to the Thomas Entities. As a result of Plaintiffs' reliance on Thomas's representations they were injured in an amount to be proven at trial.

Finally, both count 5 and count 8 incorporate the allegations contained within all the other causes of action contained within the complaint. See Docket 58, ¶¶ 53 and 75.

## DISCUSSION

### A. Provisions of Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud contained within a civil complaint must be made with sufficient particularity. See Fed. R. Civ. P. 9(b). The circumstances constituting fraud must be alleged with particularity, but Rule 9(b) instructs that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id.

### B. Defendants Have Not Waived Their Opportunity to Object to the Sufficiency of Plaintiffs' Fraud Allegations

Plaintiffs assert the defendants waived their opportunity to move for judgment on the pleadings based upon Fed. R. Civ. P. 9(b). The plaintiffs theorize that because defendants filed an answer to both the amended

complaint and the second amended complaint without first or simultaneously making a specific objection/motion to dismiss based upon plaintiffs' allegedly insufficient fraud allegations, the defendants are precluded from doing so now.

Relevant to this argument are FED. R. CIV. P. 12(b), (c), (g), and (h).  Those Rules provide:

> **Rule 12.    Defenses and Objections:  When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing.**
>
> **(b)    How To Present Defenses.**  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
>> (1) lack of subject-matter jurisdiction;
>> (2) lack of personal jurisdiction;
>> (3) improper venue;
>> (4) insufficient process;
>> (5) insufficient service of process;
>> (6) failure to state a claim upon which relief may be granted; and
>> (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.  If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim.  No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.
>
> **(c)    Motion for Judgment on the Pleadings.**  After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.
> ***
> **(g)    Joining Motions.**
>> (1) ***Right to Join.***  A motion under this rule may be joined with any other motion allowed by this rule.
>> (2) ***Limitation on Further Motions.***  Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**(h)   Waiving and Preserving Certain Defenses.**
(1) ***When Some Are Waived.*** A party waives any defense listed in Rule 12(b)(2)-(5) by :
   (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
   (B) failing to either:
      (i)  make it by motion under this rule; or
      (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
(2) ***When to raise others.*** Failure to state a claim upon which relief may be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
   (A) in any pleading allowed or ordered under Rule 7(a);
   (B) by a motion under Rule 12(c); or
   (C) at trial.

See Fed. R. Civ. P. 12(b),(c),(g) & (h).

Plaintiffs assert that an objection to insufficient fraud pleadings in the complaint under Fed. R. Civ. P. 9(b) should be likened to the defenses contained within Fed. R. Civ. P. 12(b)(2) through (5), which are waived unless they are made by motion within or before a responsive pleading is filed.  See Fed. R. Civ. P. 12(b) & (h).  The plaintiffs argue that the purpose of  Fed. R. Civ. P. 9(b) is to provide the party responding to a claim of fraud with a

higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct.  Thus, a plaintiff must specifically allege the circumstances constituting fraud, Fed. R. Civ. P. 9(b), including "such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby."

Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001) (citing

Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982)).

Plaintiffs also observe that defendants *did* respond to the fraud allegations not once, but twice by filing answers to the amended complaint and second amended complaint without alleging the insufficiency of the fraud claims. Given the stated purpose for Rule 9(b), plaintiffs urge that defendants' current claim should be akin to a Rule 12(b) (2) through (5) defense which is waived if not raised simultaneously with or before the answer was filed. There is limited authority which supports the plaintiffs' theory. See e.g. Davsko v. Golden Harvest Products, Inc., 965 F.Supp. 1467, 1474 (D. Kan. 1997) ("[D]efendants answered plaintiff's complaint without raising any objection under Rule 9(b). Defendants cannot argue almost a year later that plaintiff failed to plead fraud with particularity."); HMBI, Inc. v. Schwartz, 2009 WL 3390865 (N.D. Ind., Oct. 19, 2009) (likening Rule 9(b) motion to Rule 12(b)(2) through (5) defenses which must be raised before the responsive pleading is filed or they are waived).

In HMBI, the court held that because the defendant's answer simply denied the fraud allegations in the plaintiff's complaint, the defendant waived its opportunity to later challenge the sufficiency of the fraud allegations under Rule 9(b). Id. at * 6. The court explained:

> The defendant did not raise its Rule 9(b) objection in its first responsive pleading, and thus waived the objection. Additionally, the defendant's denial of the fraud charge indicates that it had been pleaded sufficiently to permit the framing of an adequate response pleading. Thus, the court finds the defendant's argument that the plaintiff plead its fraud claim with particularity under Rule 9(b) without merit, and the defendant has already waived that ground.

Id.

The Eighth Circuit, however, has allowed a defendant to challenge the sufficiency of a plaintiff's fraud pleadings under FED. R. CIV. P. 9(b) by way of a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  See e.g., OmegaGenesis Corp. v. Mayo Foundation for Medical Education and Research, 851 F.3d 800, 804 (8th Cir. 2017) (court used Rule 12(b)(6) standards to determine plaintiff's fraud claims were insufficient pursuant to Rule 9(b)).  Failure to state a claim upon which relief may be granted is *not* a defense which is waived if not asserted before or in the answer.  And, FED. R. CIV. P. 12(h)(2) specifically instructs that motions to dismiss for failure to state a claim may alternatively be brought by a motion for judgment on the pleadings under FED. R. CIV. P. 12(c).  Motions under FED. R. CIV. P. 12(c) may be brought *at any time* after the close of pleadings, so long as the motion does not delay the trial.[2]

The Eighth Circuit explained the interplay between Rule 12(b)(6), Rule 12(c) and Rule 12(h) in Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  In that case, the defendant made a motion to dismiss based on the defense of sovereign immunity after it had filed its answer, so the court treated the motion as a motion for judgment on the pleadings pursuant to Rule 12(c) and ultimately dismissed the case for failure to state a claim upon which relief could be granted.  Id. at 1490. In affirming the district court's dismissal, the Eighth Circuit noted:

---

[2] No trial date has been set for this case, so the defendants' motion for judgment on the pleadings has not caused delay of the trial in this matter.

> The parties agree that this case should be analyzed under the rubric of Federal Rule of Civil Procedure 12(b)(6). Technically, however, a Rule 12(b)(6) motion cannot be filed after an answer has been submitted. <u>See</u> Fed. R. Civ. P. 12(b). But since Rule 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted" may be advanced in a motion for judgment on the pleadings under Rule 12(c), we will treat the City's motion as if it had been styled a 12(c) motion. <u>St. Paul Ramsey County Med. Ctr. v. Pennington County</u>, 857 F.2d 1185, 1187 (8th Cir. 1988). This distinction is purely formal, because we review this 12(c) motion under the standard that governs 12(b)(6) motions. <u>Id; accord</u> <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 11 (6th Cir. 1987( (collecting cases).

<u>Id.</u> At 1488.

Despite the limited, non-binding authority which supports the plaintiffs' waiver argument, this court finds the above authority more persuasive. It appears the Eighth Circuit would allow the sufficiency of fraud pleadings in a complaint to be decided in the context of a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings. This court therefore opts to decide the defendants' motion on the merits instead of on a default or waiver theory.

## C.   The Defendants' Motion Was Not Mooted By The Filing Of The Second Amended Complaint

Normally, when an amended complaint is filed, the effect is to supersede the original complaint, rendering the original complaint of no legal effect. <u>Thomas v. United Steelworkers Local 1938</u>, 743 F.3d 1134, 1139 (8th Cir. 2014). As such, a motion to dismiss which is based upon the original complaint is technically moot after an amended complaint is filed, because the original complaint no longer has any legal effect. <u>Pure Country, Inc. v. Sigma Chi Fraternity</u>, 312 F.3d 952, 956 (8th Cir. 2002).

When it granted their motion to enforce the partial settlement agreement, the court ordered the plaintiffs to file a second amended complaint which accurately reflected claims which remained after the settlement.  <u>See</u> Docket No. 50, p. 11.  The plaintiffs did so two days after the defendants filed their motion for judgment on the pleadings.  <u>See</u> Docket Nos. 52 & 58.  The fraud allegations which the defendants alleged were insufficient in the amended complaint (Docket No. 1-6) (the fraud claims against Mr. Thomas individually), appeared at counts 18 and 21 of the amended complaint.  <u>See</u> Docket 1-6, ¶¶ 161-166 & 183-186.  These fraud claims were not part of the claims that were resolved by the settlement agreement.  As such, they appear in the plaintiffs' second amended complaint at count 5 (¶¶ 53-58) and count 8 (¶¶ 75-79).  These claims appear in the second amended complaint in identical or substantially identical form as they did in the amended complaint. Nevertheless, the plaintiffs assert in a footnote of their memorandum that the defendants' motion for judgment on the pleadings is moot because it was filed based upon the now mooted amended complaint.

In cases where the allegations in the replacement pleading are substantially similar to the mooted pleading, the court has the discretion to consider a pending motion to dismiss as being made against the replacement pleading and to decide the motion accordingly.  <u>Cartier v .Wells Fargo National Bank, N.A.</u>, 547 Fed. Appx. 800, 804 (8th Cir. 2013) (unpub'd).  <u>See</u> <u>also</u> 6C Charles Allen Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u>, § 1476 (3d ed.) (["D]efendants should not be required to file a new motion to dismiss

simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance."). Such is the case here. For this reason, the court considers the defendants' motion for judgment on the pleadings to have been directed at the plaintiffs' second amended complaint, and decides the motion based upon the allegations found at count 5 ( ¶¶ 53-58) and count 8 (¶¶75-79) of the second amended complaint.

### D. Standards Applicable To The Defendants' Motion For Judgment On The Pleadings Pursuant To FED. R. CIV. P. 12(c)

In Westcott, the court observed that "we review this (12(c) motion under the standard that governs 12(b)(6) motions." Westcott, 901 F.2d at 1488. In Clemons v. Crawford, 585 F.3d 1119 (8th Cir. 2009), the court reiterated that 12(b)(6) and 12(c) motions are reviewed under the same standard. Id. at 1124. The difference is that a 12(b) motion may be made as soon as the plaintiff has filed the complaint, while a 12(c) motion cannot be made until the pleadings have closed. 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1369 (3d ed.). Additionally, a 12(b)(6) motion is directed solely at the sufficiency of the plaintiff's statement of the claim, while a 12(c) motion seeks to resolve the claim on the merits, similar to a motion under Rule 56. Id. The Westcott court explained "a grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to a judgment as a matter of law.' " Id. (quoting Faibisch v.

Univ. of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002)).  And, also similar to a summary judgment motion, "all factual inferences and intendments are taken against the moving party under both Rule 12(c) and Rule 56, and neither motion will be granted unless the movant is entitled to judgment as a matter of law."  5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1369 (3d ed.).

Under  FED. R. CIV. P. 12(b)(6), dismissal is appropriate if the plaintiff has failed to state a claim upon which relief can be granted.  Plaintiffs must plead "enough facts to state a claim to relief that is *plausible* on its face."  Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)).  A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a plaintiff must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action.  Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  There is also a "plausibility standard" which "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the plaintiff has a valid claim.  Id. at 556.  The plaintiffs' complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief.  Id.

There are two "working principles" that apply to Rule 12(b)(6) motions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  First, courts are not required to

accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint.  Id. (citing Papasan, 478 U.S. at 286).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)).  Where the plaintiffs' allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has alleged–but has not "show[n]"–that they are entitled to relief as required by Rule 8(a)(2).  Iqbal, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth.  Id. at 679-680.  Legal conclusions must be supported by factual allegations demonstrating the grounds for a plaintiff's entitlement to relief.  Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.  These are the principles guiding the court's evaluation of defendants' motion.

**E.    Evidence That May Be Considered To Determine The Defendants'
Motion For Judgment On the Pleadings**

In opposing the defendants' motion for judgment on the pleadings,

counsel for plaintiffs submitted an affidavit (Docket No. 64) with attached

documents which were obtained through discovery.  When considering a

motion under either Rule 12(c) or 12(b)(6), however, the court cannot consider

material outside the pleadings unless it is (1) part of the public record, subject

to judicial notice; (2) not contradictory to the complaint; or (3) necessarily

embraced by the pleadings.  <u>Pourus Media Corp. v. Pall Corp.</u>, 186 F.3d 1077,

1079 (8th Cir. 1999).  <u>See also</u>, 5B Charles Allen Wright & Arthur R. Miller,

<u>Federal Practice & Procedure</u>,  § 1357 (3d ed.).  If the parties present, and the

court considers matters outside the pleadings, the court must give notice to the

parties that it is treating the motion as one for summary judgment under FED.

R. CIV. P. 56 and proceed accordingly.   <u>Mattes v. ABC Plastics, Inc.</u>. 323 F.3d

695, 697 n.4 (8th Cir. 2003); FED. R. CIV. P. 12(d).

For the reasons explained in Section (F) below, the court finds the fraud

allegations in plaintiffs' second amended complaint are stated with sufficient

particularity under FED. R. CIV. P. 9(b).  No reference to the materials outside

the pleadings which have been supplied by the plaintiffs is required to make

this determination.  The court will not, therefore, convert the defendants' Rule

12(c) motion for judgment on the pleadings into a motion for summary

judgment under Rule 56.  For the same reason, the court refuses to consider

plaintiffs' proffered affidavit in ruling on defendants' instant motion.

**F.     The Plaintiffs Have Sufficiently Alleged Fraud**

This case was initially filed in state court, but the defendants removed it to federal court based upon diversity of citizenship.  28 U.S.C. § 1332; Docket 1.  This court therefore applies federal procedural rules, but the substantive law of South Dakota.  See Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).  The court therefore looks to South Dakota law to determine the necessary elements of fraud which the plaintiffs must adequately plead under FED. R. CIV. P. 9.

Under South Dakota law, the essential elements of actionable fraud are: (1) that a representation was made as a statement of fact; (2) which was untrue and known to be untrue by the party making it, or recklessly made; (3) that the statement was made with the intent to deceive and for the purpose of inducing the other party to act upon it; and (4) that the other party did in fact rely on it and was induced thereby to act to his injury or damage.  Stabler v. First State Bank of Roscoe, 865 N.W.2d 466, 477 (S.D. 2015) (collecting cases).

FED. R. CIV. P. 9 imposes heightened pleading requirements for fraud claims.  The rule requires that a fraud claim "specify the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts."  OmegaGenesis, 851 F.3d at 804 (quoting Streambend Properties II v. Ivy Tower Mpls., LLC., 781 F.3d 1003, 1013  (8th Cir. 2015)).  Required facts include the "who, what, when, where and how surrounding the alleged fraud . . . and what was obtained as a result."  Id. (quoting Quintero Community Association, Inc. v. F.D.I.C., 792 F.3d 1002,

1010 (8th Cir. 2015)). The Eighth Circuit has cautioned however, that the particularity requirement of Rule 9(b) must not mute the general pleading principles of Rule 8—instead the two rules should be harmonized. <u>Abels</u>, 259 F.3d at 920.

> The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct. Thus, a plaintiff must specifically allege the "circumstances constituting fraud," FED. R. CIV. P. 9(b), including "such matters as the time, place and contents of false representations, as well as what was obtained or given up thereby." <u>Bennett v. Berg</u>, 685 F.2d 1053, 1062 (8th Cir. 1982).

<u>Id.</u> With these substantive and procedural requirements in mind, the court examines the contents of the fraud claims contained within the plaintiffs' second amended complaint.

The court examines the allegations contained in counts 5 and 8 (the fraud counts). In count 5, the representations of fact allegedly made by Paul Thomas were that he would collect and forward to Larson the proceeds received for the sale of the Aspen Units, to which Larson was entitled. Plaintiffs allege that, at the time Paul Thomas made these representations, he knew they were not true, or had reasonable grounds for believing them not to be true. Plaintiffs further allege Mr. Thomas's representations regarding the collection and forwarding of the payment for the Aspen units was made with the intent to induce Larsen to fund the purchase of the Aspen units, that Larson relied on Mr. Thomas's representations in deciding to fund AMHG, LLC's purchase of the Aspen units, and that as a result of Mr. Thomas's deceit, they have been

injured in an amount yet unknown. In count 8, the representation of fact allegedly made by Mr. Thomas was that he intended to perform his and the Thomas entities' obligations under the respective contracts, and that they were able to pay their obligations under those contracts and that the advances provided by the plaintiffs would be used for modular unit purchases and real estate development purposes. Plaintiffs allege that Mr. Thomas made these representations with the intent to induce plaintiffs' reliance upon them and that the plaintiffs did in fact rely on them by manufacturing and shipping units to the Thomas entities without prepayment and by advancing money under the credit agreement to the Thomas entities. Plaintiffs further allege they suffered monetary damage as a result of their reliance on Mr. Thomas's representations. Under South Dakota law, therefore, the plaintiffs have alleged the necessary elements of fraud. Stabler, 865 N.W.2d at 477.

Under Rule 9(b), the plaintiffs must also specify the who, what, where, when and how of the allegedly fraudulent statements. OmegaGenesis, 851 F.3d at 804. To clear this portion of the defendants' Rule 12(c) hurdle, the defendants incorporate not only the contents of their fraud counts, but also the entirety of the second amended complaint. The plaintiffs resist the defendants' motion by drawing the court's attention to the following in the second amended complaint as to the particularity requirements under Rule 9(b) for the fraud allegations:

- **Who:** plaintiffs identified Paul Thomas as the person making the false statements. Second amended complaint, Docket 58, ¶¶ 54-56, 76-77.

- **What:** plaintiffs alleged the content of the misrepresentations. Specifically, that Paul Thomas would collect and forward proceeds received for the sale of the Aspen Units to which Larson was entitled. Additionally, that Mr. Thomas actually intended to perform their obligations under the respective contracts and the credit agreement between the parties, and that advances provided under the credit agreement would be used for modular home purchases and property development purposes, and required under the agreement. Second Amended Complaint, Docket 58, ¶¶ 54, 76.

- **When:** The representations were repeatedly made over the course of defendants' dealings with plaintiffs, when requesting advances under the credit agreement and when he ordered modular units from Superior and executed amendments to the credit agreement with Larson. This time span extended at least from April, 2012 through June, 2015. Second amended complaint, Docket 58, ¶¶ 13-15 , ¶¶ 17-19, ¶¶ 30-31, ¶¶ 38-39, ¶¶ 60-65, ¶ 76.

- **How:** Paul Thomas knew his statements were false because, during the same period of time he was making the statements, Mr. Thomas was diverting the funds to his own personal use. Second amended complaint, Docket 58, ¶¶ 15, 20, 49-51. Paul Thomas is the owner and principal of each of the entity defendants, so he was aware of each of their financial conditions and how their resources were being used. Second amended complaint, Docket 58, ¶¶ 4-12. Paul Thomas made his promises with the intent to induce plaintiffs' reliance, and plaintiffs did in fact rely on Mr. Thomas's statements by advancing millions of dollars under the credit agreement and for the purchase of modular homes based on Thomas's false representations, now in excess of $14 million including interest and fees. Second amended complaint ¶¶ 57, 68, 78. Superior built modular units based on Paul Thomas's representations of which he now refuses to take delivery. Second amended complaint, Docket 58, ¶¶ 21, 32, 40.

The court finds the plaintiffs have met the requirements of Rule 9(b) and have alleged fraud with sufficient particularity. Though they have not identified *each* exact date which Mr. Thomas allegedly made *each* fraudulent statement, the plaintiffs have identified the statements to which they refer and the time frame within which the statements were made with enough particularity to allow Mr. Thomas to admit or deny whether he made them.

Plaintiffs allege the statements were made between April, 2012, and June, 2015, when Mr. Thomas ordered modular units from Superior, when he executed the credit agreement and amendments thereto with Larson, and when he requested advances under said agreement. In the context of this case, that is enough. "Rule 9(b) does not inflexibly dictate adherence to a preordained checklist of 'must have' allegations." U.S. ex. rel. Heath v. AT & T, Inc., 791 F.3d 112, 126 (D.C. Cir. 2015) (citing Thayer v. Planned Parenthood of the Heartland, 765 F.3d 914, 918 (8th Cir. 2014)).

The defendants assert plaintiffs' complaint is insufficient because there is no allegation that Mr. Thomas knew "any representation was false at any specific location." Docket 73, p. 5. The plaintiffs counter that discovery is ongoing, and they are still uncovering facts to support their fraud claims (i.e. to pinpoint exactly where all the money was going instead of toward paying for the Aspen Units and for real estate development and the other purposes for which Mr. Thomas claimed it was being used under the credit agreement).

Here the court resists the temptation to consider counsel's affidavit, which attaches matters outside the pleadings to support the plaintiffs' claims. Instead, the court returns to the plaintiffs' pleadings, which under Rule 12(c), must be taken as true. The plaintiffs assert in their complaint that throughout the course of the parties' relationship, and despite Mr. Thomas's representations to the plaintiffs regarding his legitimate intentions for the plaintiffs' modular units and extended credit, Mr. Thomas was "diverting to his own use the proceeds from the sales of the Units" Docket 58, ¶ 15 and that he

was "engaged in a scheme to defraud plaintiffs and others involved in the transactions described in this complaint." Id. If Mr. Thomas was diverting proceeds to his own use (as this court must assume to be true under Rule 12(c)), he knew (at the time they were made), that his statements to the plaintiffs that the proceeds were going to be used for a legitimate business purpose were false.

To what use Mr. Thomas put the money extended to him under the credit agreement is a matter, (so far) which is exclusively within Mr. Thomas' knowledge. As such, the pleading requirements are somewhat relaxed under Rule 9(b). See e.g. Corley v. Rosewood Care Center, Inc., 142 F.3d 1041, 1051 (7th Cir. 1998) (Rule 9(b) particularity requirement relaxed when the information needed to plead with particularity was within the hands of the defendants, who resisted plaintiffs' attempts to discover it). See also, 5A Charles A. Wright & Arthur B. Miller, Federal Practice & Procedure, § 1298 (3d ed.). ("[B]ut the application of [Rule 9(b)] may be relaxed as to matters peculiarly within the opposing party's knowledge that the pleader is not privy to at the time the document is being drafted.").

For all of these reasons, the court finds the fraud allegations in plaintiffs' second amended complaint are sufficiently particular under Fed. R. Civ. P. 9(b).

## CONCLUSION

Accordingly, it is hereby

ORDERED that defendants' motion for judgment on the pleadings regarding plaintiffs' fraud claims [Docket No. 52] is DENIED.

DATED this 30th day of January, 2018.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge