UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LARSON MANUFACTURING COMPANY OF SOUTH DAKOTA, INC., SUPERIOR HOMES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN SHOWCASE HOMES, INC., AMERICAN MODULAR HOUSING GROUP, LLC, AMERICAN MODULAR HOUSING GROUP, INC., PAUL THOMAS, <br><br> Defendants. | 4:16-CV-04118-VLD <br><br><br> ORDER DENYING DEFENDANTS' MOTION TO STAY <br><br> [DOCKET NO. 145] |

## INTRODUCTION

This matter is pending before the court pursuant to defendants' removal of the action from South Dakota state court. Jurisdiction is premised on diversity of citizenship of the adverse parties and an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332. The parties have consented to this court's handling of their case pursuant to 28 U.S.C. § 636(c). Now pending is a motion by defendants to stay these proceedings pending resolution of litigation in Canada. See Docket No. 145. Plaintiffs oppose the motion. See Docket No. 154.

## FACTS

This case arises out of contracts between plaintiffs and defendants for the production and sale of modular housing units by plaintiffs to defendants and related financing agreements. A more complete recitation of the facts is contained in this court's order denying the parties' cross-motions for partial summary judgment. See Docket No. 142. The facts from that earlier opinion are incorporated herein by reference.

Plaintiffs' original complaint contained 21 counts involving nine separately-named projects. See Docket No. 1-1. Midway through this litigation, the parties settled the claims relating to five of those projects so that the remaining claims concern only four projects, plus some free-standing claims of debt, guarantee, fraud and deceit, conversion, and piercing the corporate veil. The housing projects still being litigated herein are the [Doug] Simon Unit, Units C5452HTC 1 & 2, Unit 5383, and the Aspen project. See Docket No. 58. The claims related to the following projects have been settled: the Carlyle Units (Waugh Who), the Heidt Unit, Unit 5334, the Colt Unit, and the Stephenson Unit.

In addition to the present litigation pending before this court, there are at least four lawsuits pending in Canada. Two of those cases, like this one, were begun in 2016 and two were initiated in 2017.[1] The parties and claims being litigated in Canada are as follows.

---

[1] The court is not aware whether the 2016 cases in Canada were begun before or after this one.

In <u>Larson Manufacturing Co. v. Aspen Village Properties Ltd.</u>, QBG 16-2044, plaintiff herein Larson Manufacturing Company of South Dakota, Inc. is suing Aspen Village Properties Ltd., the Canada Revenue Agency, and various contractors or subcontractors seeking to foreclose its mortgage interest in the Aspen project.

In <u>Jahnke v. Thomas</u>, QBG 16-2125, Gregory Jahnke, the principal in the Aspen properties, is suing defendant herein Paul Thomas, and Craig Johnson, Dale Larson, and Jeffrey Ries, the latter three of which are principals in plaintiffs herein. The subject of that lawsuit involves the credit agreement and mortgages involved in the Aspen project.

In <u>Western v. Aspen Village Properties, Ltd.</u>, QBG 17-2616, plaintiff herein Western Showcase Homes, Inc. is suing Aspen Village Properties, Ltd.; Aspen Village Developments, Ltd.; Aspen Creek Developments Ltd.; and Gregory Jahnke. The subject matter of that suit is apparently enforcement of the sales agreement related to the Aspen project.

In <u>Mauri Gwyn v. Larson Manufacturing Co.</u>, QBG 17-2404, plaintiff Mauri Gwyn is suing plaintiff herein Larson Manufacturing Co. and defendant herein American Modular Housing Group, Inc. seeking an accounting upon the sale of condominiums by Larson and AMHG.

**DISCUSSION**

Defendants move to stay this case until the Canadian foreclosure lawsuit is concluded. Defendants purport to express "surprise" at the "recent" discovery of this foreign litigation. However, on July 9, 2018, defendants filed

3

with the court answers to interrogatories they propounded to plaintiffs in which plaintiffs state, under oath, that in order to mitigate their losses, they *inter alia* began foreclosure proceedings in Canada.  See Docket No. 107-7 at p. 11. Although defendants filed these with the court in July, 2018--six months ago--plaintiffs signed the interrogatories in late January, 2018, and presumably defendants were served shortly thereafter.  Id. at p. 12.  Therefore, the court infers defendants' "surprise" at discovering the foreclosure lawsuit is approximately a year old.

In addition, defendants assert they served plaintiffs with requests for documents regarding the Canadian lawsuits and that plaintiffs did not provide copies of such documents until this month—January, 2019.  This assertion is not persuasive.  First, the court notes that *defendants* themselves filed documents from the Jahnke v. Thomas lawsuit with this court in July, 2018. See Docket No. 107-10.  Therefore, these documents were in defendants' possession for at least the last 7 months.  Secondly, the court notes that two of the named defendants in this lawsuit—Paul Thomas and American Modular Housing Group, Inc.—were named defendants in two of the Canadian lawsuits: Jahnke v. Thomas and Mauri Gwyn v. Larson Manufacturing Co.  These defendants would have been *served personally* with pleadings in these lawsuits in 2016 and 2017, respectively.  They certainly had knowledge of the lawsuits since that time.  Again, the court concludes the existence of the Canadian lawsuits is not much of a "surprise" to these defendants.

4

In addition to the "surprise" argument, in support of its motion, defendants recycle many of the same arguments they urged in support of their motion for partial summary judgment. They argue plaintiffs cannot "double recover"—i.e. they cannot obtain a judgment against defendants in this litigation for the full amount of the debt owed while at the same time reaping the recovery of their Canadian foreclosure action. Defendants warn that allowing both lawsuits to proceed could result in inconsistent verdicts.

The court is not persuaded. The validity of the mortgage interest as against real property is a separate issue from the validity of the debt as between plaintiffs and defendants. The foreclosure proceedings will not determine the total amount of debt owed to plaintiffs by defendants as a result of their contract. Only this lawsuit will determine that issue.

Defendants argue that if this case goes to trial first and foreclosure proceedings later net more than what defendants owe plaintiffs on the debt, the trial in this matter may have been for naught and thus a waste of the parties' and the court's resources. The same may be said for the Canadian litigation. Since the parties in this action cannot agree upon the amount of debt defendants owe plaintiffs under the note, if the Canadian foreclosure suits are allowed to proceed first, they may net more than is owed on the note, a determination that will not be capable of being made until this lawsuit proceeds. Thus, if the Canadian lawsuits go forward, *those lawsuits* may ultimately prove unnecessary and a waste of the parties' and the court's

resources. The several lawsuits are hopelessly intertwined and there is no single necessary and prudent way to resolve which case(s) should proceed first.

When this case goes to trial, it will be plaintiffs' burden to prove their damages by a preponderance of the evidence. If they have collected from foreclosing on mortgages in Canada prior to trial, those amounts must be offset against the amount owed by defendants under their debt agreement. To the extent the amount that will be received from foreclosing on mortgages in Canada is contingent at the time of the trial in this matter, it will be incumbent on plaintiffs to apply any after-collected foreclosure sums against any judgment they receive in this matter on the debt. The court can ensure that such an order is incorporated into the judgment in this case.

It is true Canada has a substantial interest in this litigation, as defendants argue. The real property is located there and the parties stipulated Saskatchewan law applies to their third debt agreement. But the District of South Dakota has an equally substantial interest in this litigation. The plaintiffs manufactured the homes here, paid its employees to perform that manufacturing here, and loaned money to defendants pursuant to the finance agreements here. The interests of Canada in this litigation are not such as to outweigh the interests of the District of South Dakota.

## CONCLUSION

Based upon the foregoing, the court hereby

DENIES defendants' motion to stay this case in favor of Canadian proceedings [Docket No. 145]. The current scheduling order in this matter remains in full force and effect.

DATED January 24, 2019.

BY THE COURT:

/s/ Veronica L. Duffy
VERONICA L. DUFFY
United States Magistrate Judge