UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LARSON MANUFACTURING COMPANY OF SOUTH DAKOTA, INC., and SUPERIOR HOMES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN SHOWCASE HOMES, INC.; AMERICAN MODULAR HOUSING GROUP, LLC; AMERICAN MODULAR HOUSING GROUP, INC.; and PAUL THOMAS, <br><br> Defendants. | 4:16-CV-04118-VLD <br><br><br> ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' JURY TRIAL DEMAND <br><br> [DOCKET NO. 169] <br><br> AND <br><br> DENYING DEFENDANTS' MOTION TO BIFURCATE TRIAL <br><br> [DOCKET NO. 172] |

**INTRODUCTION**

This matter is before the court on plaintiffs' second amended complaint. See Docket No. 58. The parties have consented to this magistrate judge handling their case pursuant to 28 U.S.C. § 636(c). Now pending are two interrelated motions: plaintiffs seek to strike defendants' demand for a jury trial. See Docket No. 169. Defendants resist that motion and seek a bifurcated trial between legal claims and equitable claims. See Docket No. 172.

# FACTS

The court recounted in great detail the facts asserted by the parties in this matter when ruling on a partial and full motion for summary judgment. See Docket No. 142. Those facts are incorporated herein by reference. A summary of the facts are that this matter arises out of commercial transactions entered into between the parties whereby plaintiffs agreed to manufacture and to finance certain modular homes and defendants agreed to purchase those mobile homes and to repay the monies lent by plaintiffs.

The parties entered into a series of credit agreements, the first of which was dated April 24, 2012, and contained the following paragraph in bold:

> **Section 11.14 <u>Waiver of Trial by Jury</u>. THE BORROWER HEREBY WAIVES ANY RIGHT IT MAY HAVE TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING OF ANY KIND OR NATURE, IN ANY COURT IN WHICH AN ACTION MAY BE COMMENCED, ARISING OUT OF OR IN CONNECTION WITH THE NOTES, ANY OF THE OTHER LOAN DOCUMENTS, OR ANY OTHER MATTERS RELATING THERETO.**

See Docket No. 85-1 at p. 22. The two parties to this original agreement were defendant Western Showcase Homes, Inc. ("Western") and plaintiff Larson Manufacturing Co. of South Dakota, Inc. ("Larson"). Id. at p. 23.

Thereafter, amendments to the original credit agreement were entered into, the last of which was the third amendment to the credit agreement entered into on May 20, 2015. See Docket No. 85-6. The signatories to the third amendment to the credit agreement are plaintiff Larson, defendant Western, and defendant American Modular Housing Group, Inc. ("AMHG Inc."). Id. at p. 5. Although there were signature lines on the agreement for Aspen

Village Properties Ltd. neither Aspen nor its principal owner, Greg Janke, signed the agreement.  Id.  The third amendment recites that all other terms as set forth in the original agreement remain in full force and effect and have not been terminated, discharged, or released.  Id. at p. 3, ¶5.

Defendant AMHG, Inc. signed a personal guarantee for Western's obligations under the third amended credit agreement.  See Docket No. 85-7.  Defendant Paul Thomas is the principal of all the defendant entities, but he did not sign either the original credit agreement, the third amendment to the credit agreement or any personal guarantee in his own name in his personal capacity.

Plaintiffs originally filed this matter in state court by filing a complaint on June 8, 2016.  See Docket No. 1-1.  No demand for a jury trial was made by plaintiffs in that complaint.  Id.  Defendants admitted service of the original complaint and summons on July 22, 2016.  Plaintiffs then amended their original complaint in state court on August 19, 2016.  See Docket No. 1-6.  And defendants removed the matter to this court on the basis of diversity jurisdiction on August 22, 2016.  See Docket No. 1.

Following removal, defendants filed an answer and counterclaim on September 21, 2016.  See Docket No. 6.  In that document, defendants demanded a jury trial on all issues triable to a jury.  Id. at p. 28.

Thereafter, the parties settled some of their claims.  See Docket No. 31.  After plaintiffs made a motion to enforce the settlement agreement, the court granted the motion and directed the parties to file pared-down amended pleadings reflecting the claims remaining for trial.  See Docket No. 50.

Defendants filed an amended counterclaim that did *not* contain a demand for a jury trial for any issues.  See Docket No. 57.  Plaintiffs filed a second amended complaint that also did not contain a jury trial demand.  See Docket No. 58.  Each parties' responsive pleadings to the others' claims also contained no jury trial demands.  See Docket Nos. 61 (plaintiffs' answer to defendants' amended counterclaim) and 62 (defendants' answer to plaintiffs second amended complaint).

As indicated above, plaintiffs now seek to strike defendants' jury trial demand on the basis that defendants waived their right to a jury trial under the terms of the credit agreement and amendments thereto.  Defendants seek to preserve their demand for a jury trial, but seek a bifurcation between the legal and equitable claims.  Both parties have asserted legal claims in the form of breach of contract and various torts.  Both parties have asserted equitable claims in the form of unjust enrichment and piercing the corporate veil.

**DISCUSSION**

**A. Have Defendants Properly Made a Demand for a Jury Trial and did They Waive Their Right to a Jury Trial by Failing to Reassert Their Demand?**

The first thing the court must discern is whether there is a properly asserted demand for a jury trial before the court.  The last round of pleadings from the parties contain no demands for a jury trial, although defendants' initial answer and counterclaim did contain such a demand.  Did defendants properly invoke their right to a jury trial in the first instance and can they be

4

said to have waived their right to a jury trial by not realleging their jury trial demand in their amended answer and amended counterclaim?

### 1. Defendants Timely and Properly Demanded Trial by Jury

Trial by jury in civil cases is guaranteed by the Seventh Amendment to the United States Constitution. See U.S. CONST. AMEND. VII. Rule 38 of the Federal Rules of Civil Procedure provides any party may demand a jury trial as to any issue triable of right by a jury. See FED. R. CIV. P. 38(b).

The right to a jury trial can arise from a legal claim, or a defense to a legal claim. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 508-11 (1959). Therefore, in determining whether a jury trial has been demanded, the court evaluates all pleadings: the complaint, answer, counterclaims, cross-claims, and answers to counterclaims and cross-claims. Id. See also, Klein v. Shell Oil Co., 386 F.2d 659, 663 (8th Cir. 1967) (entitlement to a jury trial is not determined from the complaint alone or from the nature of relief requested by plaintiff).

One invokes one's right to a jury trial by serving the other parties with a written demand and filing that demand also with the court. See FED. R. CIV. P. 38(b). A jury trial demand must be made within 14 days after the last pleading directed to the issue is served. Id.

A jury trial demand is waived if the demand is not made or not properly served and filed. Id. at (d). Special rules apply to jury trial demands in cases—like this one--that are removed to federal court from state court. See FED. R. CIV. P. 81(c)(3). If, before removal, a party expressly demanded a jury trial in

accordance with state law, that party need not renew the demand after removal. Id. at (c)(3)(A).

However, if state law requires a party to make a jury demand, and it is not done before removal, it is unclear under the federal rules *when* the jury demand must be made. South Dakota law does require a party to make an affirmative demand for a jury trial. See SDCL § 15-6-38(b).

Federal Rule 81 specifies that a jury demand in removal cases must be made within 14 days after removal, but that rule only applies when all necessary pleadings have been served at the time of removal. See Fed. R. Civ. P. 81(c)(3)(B). Rule 81 does not address this situation where, under state law a jury trial demand must be made and, at the time of removal, not all necessary pleadings have been served. Id. The court concludes that whether state or federal law determines the timeliness of defendants' jury trial demand, that demand was timely made.

Under South Dakota state law, a defendant has 30 days after service of the summons and complaint to file an answer. See SDCL § 15-6-12(a). A defendant may admit service of the summons and complaint rather than requiring the plaintiff to effectuate personal service. See SDCL § 15-6-4(i). Here, defendants all admitted service of plaintiffs' summons and complaint on July 22, 2016. See Docket Nos. 1-2 through 1-5. Therefore, defendants would have been required to answer no later than August 21, 2016. See SDCL 15-6-12(a).

However, on August 19, 2016, plaintiffs filed an amended complaint which was served on defendants' attorney.  See Docket No. 1-6.  This is allowed by SDCL § 15-6-15(a) once, as a matter of right, before a responsive pleading is served.  When a plaintiff files an amended complaint pursuant to Rule 15(a), the responding party—here defendants—must file their answer within the time remaining for response to the original complaint or within 10 days after service of the amended pleading, whichever period is longer unless the court orders otherwise.  See SDCL § 15-6-15(a).  Here, defendants' answer to plaintiffs' original complaint would have been due August 21, 2016, but for the amended complaint.  Therefore, after the amended complaint, defendants had until August 29, 2016, (10 days after service of the amended complaint on August 19) to file their answer under state law—defendants get the benefit of the 10-day period instead of the two days which remained of their original 30-day response time.  Id.  Under state law, a jury trial demand is required within 10 days of filing the answer.  See SDCL § 15-6-38(b).

Instead of filing an answer in state court, the defendants filed a notice of removal in this court on August 22, 2016.  See Docket No. 1.  In cases in which the defendant has not yet answered the plaintiff's complaint at the time of removal, Rule 81 specifies that defendants must file their answer in *federal* court within 21 days or 7 days.  See FED. R. CIV. P. 81(c)(2).  Defendants are accorded 21 days to answer from the date of receiving service of the initial pleading stating the claim or after service of the summons for an initial pleading.  Id. at (c)(2)(A) & (B).  Otherwise, defendants must file their answer

within 7 days of removing the action—here, that deadline would have been August 29.  Id. at (c)(2)(C).

Here, prior to the state law deadline and prior to the federal law deadline—both of which were August 29--defendants entered into a stipulation with plaintiffs (on August 25) to extend their time to answer until September 21, 2016, which stipulation was granted by the court.  See Docket Nos. 4 & 5.  Defendants then filed their answer and counterclaim on September 21, 2016.  See Docket No. 6.  That answer and counterclaim contained a jury trial demand.  Id.  Thus, the court concludes defendants timely invoked their demand to a jury trial and, pursuant to Rule 38, properly served plaintiffs with that demand and filed it with the court.

**2.    Defendants Did not Waive the Demand by Not Realleging It**

Withdrawal of a jury demand once it has been made may only be accomplished if all the parties consent.  Id.  See also FED. R. CIV. P. 39(a)(1) (once a jury trial demand is made, the court must designate the case for jury action unless the parties or their attorneys stipulate to a nonjury trial).  This requirement is "necessary to protect the reliance that other parties may be placing on the [jury trial] demand."  See 9 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, A. Benjamin Spencer, and Adam N. Steinman, Fed. Prac. & Proc. § 2318 (3d ed. Apr. 2019 update).  Thus, where a defendant asserted a jury trial demand in its answer, the defendant could not later withdraw that demand unilaterally—all parties had to agree to the

withdrawal of the jury trial demand before it was a valid withdrawal. In re Borowiak IGA Foodliner, Inc., 879 F.3d 848, 849-50 (8th Cir. 2018).

Here, defendants demanded a trial by jury in their initial answer and counterclaim, but failed to reallege that demand in their amended answer and counterclaim. Based on the above authorities, that failure to reallege the demand did not act to waive or withdraw the jury trial demand. Once defendants made that demand, it could only be withdrawn upon the stipulation of all the parties. As evidenced by the instant motion to strike the jury trial demand and defendants' response thereto, the parties are not in agreement on this issue. Therefore, defendants' original jury trial demand is still extant.

In general, legal claims are for a jury to decide while the court decides equitable claims. See 9 Fed. Prac. & Proc. § 2305. Where a case presents both legal and equitable claims, the court can try any issue with an advisory jury or, with the parties' consent, the court can try any issue by jury and the parties can agree the jury's verdict in such case will have the same binding effect as if a jury trial had been available as of right and properly demanded. See FED. R. CIV. P. 39(c). A verdict by an advisory jury is not binding on the court and the court may accept or reject, in whole or in part, the verdict or findings of the advisory jury. 9 Fed. Prac. & Pro. § 2335.

**B.    What Effect Does the Jury Trial Waiver in the Contract Have?**

Plaintiffs argue in their motion to strike that all defendants have waived their right to a jury trial under the terms of the contract between the parties. Defendant Paul Thomas asserts he was not a party to that contract and,

9

therefore, is not bound by the jury trial waiver contained therein. Federal law governs the enforcement of a contractual waiver of the right to a jury trial in diversity cases because the issue is procedural in nature. See Simler v. Conner, 372 U.S. 221, 222 (1963).

The right to a trial by jury, like other constitutional rights, may be waived by voluntary, knowing, and intentional waivers of the right. 9 Fed. Prac. & Pro. § 2321; Nat'l Equip. Rental, Ltd. v. Hendrix, 565 F.2d 255, 258 (2d Cir. 1977) (citing Johnson v. Zerbst, 304 U.S. 458 (1938)). There is a presumption against waiver. Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937); Bank of America, N.A. v. JB Hanna, LLC, 766 F.3d 841, 849 (8th Cir. 2014). The party asserting the waiver bears the burden of proof to demonstrate a waiver has been made. 9 Fed. Prac. & Pro. § 2321.

Where a party asserts waiver by virtue of a contractual provision, a waiver by one party cannot bind other parties. Id. Where the waiver is based on a contractual provision, there is a split among the circuit courts as to which party bears the burden of demonstrating the validity or invalidity of the waiver. Id. Although the Eighth Circuit has not addressed the issue, district courts within our circuit have placed the burden on the party who is asserting the validity of the contractual waiver. See R & R Packaging, Inc. v. J.C. Penney Corp., Inc., 2013 WL 3776330 at *2 (W.D. Ark. July 17, 2013); Westgate GV at the Woods, LLC v. Dickson, 2010 WL 4721245 at *2 (W.D. Mo. Nov. 15, 2010); ERA Franchise Sys., LLC v. Realty Linc, Inc., 2009 WL 464942 at *1 (D. Neb. Feb. 23, 2009). This court does likewise.

In Mowbray v. Zumot, 536 F. Supp. 2d 617, 619-20 (D. Md. 2008), a corporation signed a real estate sales agreement as seller and the principal of a corporation had signed a guarantee for the purchase agreement, but the principal was not a signatory to the purchase agreement in his individual capacity. The real estate purchase agreement contained a jury trial waiver. Id. The principal-guarantor, not the corporation-seller, sought to enforce the jury trial waiver against the buyer. Id. at 622.

The court reviewed cases from the arbitration context holding that agency law acted to allow a nonsignatory to a contract to either enforce, or be bound by, an arbitration clause. Id. at 622 (citing Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 416 (4th Cir. 2000); Washington Square Securities, Inc. v. Aune, 385 F.3d 432 435 (4th Cir. 2004)). The Mowbray court noted this was in accord with a Third Circuit decision binding the nonsignatory directors and officers of a signatory corporation. Id. (citing Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 225 (3d Cir. 2007)).

However, the approach outlined by the Mowbray court appears contrary to established Eighth Circuit case law. In JB Hanna, LLC, the court had an analogous situation to the facts presented by these parties. The debtor-corporation had signed a loan agreement with its bank and the principal of the corporation had signed a guaranty for the loan. JB Hanna, LLC, 766 F.3d at 844-50. The guarantee signed by the principal contained a jury trial waiver, but the loan signed by the corporation did not. Id. at 849. The bank argued

11

the court should have extended the jury trial waiver from the guarantee signed by the principal individually to apply to the loan agreements and, thus, to the corporation.  Id.  The Eighth Circuit declined to do so, noting that the "right to a jury trial runs to every party.  Each party has the right to demand a jury."  Id.  The court noted that although the principal had signed both the loan agreement and the guarantee, he signed each document in a different capacity—the guarantee was signed by the principal in his individual capacity while the loan agreement was signed on behalf of the corporation as its manager.  Id.

Here, the case is even more clear.  The credit agreements and their amendments were signed by Paul Thomas on behalf of Western and AMGH, Inc. as the principals of those corporations.  The guaranty was signed by Paul Thomas on behalf of AMGH, Inc. as the principal of that corporation.  Plaintiffs have not identified a single document associated with these parties' commercial transactions in which Paul Thomas signed in his individual capacity.  And, yet, plaintiffs are suing Mr. Thomas in his individual capacity on several claims which give rise to a jury trial.

Defendants have named Mr. Thomas in three breach of contract claims, a conversion claim, a fraud and deceit claim, a debt claim, a claim on the guarantee, and a conversion claim.  See Docket No. 58.  Each of these claims is a legal claim, not equitable, and thus gives rise to a right to a jury trial in Mr. Thomas personally.  Only the piercing the corporate veil claim is an equitable claim to which the jury trial right does not extend.

But, plaintiffs argue, they have not asserted Mr. Thomas is personally liable for breach of contract as a party to the contract—only that he is personally liable for the debts of his debtor-companies under a theory of piercing the corporate veil. Plaintiffs' second amended complaint is not that clear—Mr. Thomas is named personally in three breach of contract claims and a guarantee claim. See Docket No. 58. There is no specification in those counts of the complaint that Mr. Thomas is not being sued directly for breach of contract.

In any case, though, plaintiffs' argument does not reach the tort claims asserted against Mr. Thomas personally (conversion and fraud and deceit) to which a jury trial right clearly does apply. Plaintiffs cite Household Commercial Fin. Servs. Inc. v. Suddarth, 2002 WL 31017608 at *8 (N.D. Ill. Sept. 9, 2002), for the proposition that a jury trial on a conversion claim arising out of a financing contract was barred by a jury trial waiver in the contract. If plaintiffs' conversion claims were against Western and AMGH, Inc., the logic of the Household case might apply. In the Household case, the parties against whom the conversion claim was asserted were also the parties who had signed the contract containing the jury trial waiver. Household Commerical Fin. Servs., Inc., 2002 WL 31017608 at **1-2, 8. Likewise, the party against whom the contractual jury trial waiver was applied to bar a jury trial on a related tort claim was one and the same party in Aamco Transmissions, Inc. v. Harris, 1990 WL 83336 at **1, 6 (E.D. Pa. June 18, 1990), also cited by plaintiffs. But

13

the holding of these cases do not extend to binding a party—Mr. Thomas--who was not a signatory or party to the financing contract.

Because the right to a jury trial extends to each party and Mr. Thomas was not a party to the contracts or the guarantee, he is not bound by the jury trial waiver found in the credit agreement. Accordingly, the court denies plaintiffs' motion to strike defendants' demand for a jury trial.

**C.    Bifurcation Would Waste Judicial Resources**

Defendants' motion to bifurcate the legal and equitable claims into separate trials is based on the notion that there is next to no overlap between those claims and a jury would be prejudiced by hearing the evidence against Mr. Thomas on the piercing the corporate veil claim. The court disagrees.

The court has been besieged with multiple motions in this case, everything from multiple summary judgment motions to discovery motions to motions to join Canadian parties to a motion to enforce the partial settlement agreement entered into by the parties. The court has a pretty good feel at this point for what the evidence at trial will entail. Although the court does not presume to know all the facts, it knows enough to conclude there will be substantial overlap. For example, the conversion and fraud claims will, the court anticipates, involve substantial overlap with the piercing claim. The breach of contract and breach of guarantee claims also overlap to a significant extent with the evidence in support of piercing. There is simply no reason to have two separate trials where 40 to 50 percent of the evidence is repeated. This is especially true in view of the fact that Rule 39 gives the court

14

substantial flexibility in asking for advisory findings and verdicts from the jury on equitable issues. If defendants are truly interested in streamlining the trial, they may consider asking plaintiffs to stipulate to allow the jury to decide all issues, legal and equitable, pursuant to FED. R. CIV. P. 39.

The court also concludes the prejudice, if any, to Mr. Thomas would be slight. The jury that hears the breach of contract evidence will also hear the conversion and fraud evidence. That evidence will be at least as "prejudicial" to Mr. Thomas as the piercing evidence. The question is whether it will be unfairly so. The court concludes it will not be.

## CONCLUSION

Based on the foregoing facts, law and analysis, the court hereby

DENIES plaintiffs' motion to strike defendants' jury trial demand [Docket No. 169] and

DENIES defendants' motion to bifurcate the trial [Docket No. 172].

DATED this 25th day of April, 2019.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge