UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LARSON MANUFACTURING COMPANY OF SOUTH DAKOTA, INC., SUPERIOR HOMES, LLC, | 4:16-CV-04118-VLD |
| Plaintiffs, | |
| vs. | ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AND RULE 54(B) CERTIFICATION [DOCKET NO. 190] |
| | AND |
| WESTERN SHOWCASE HOMES, INC., AMERICAN MODULAR HOUSING GROUP, LLC, AMERICAN MODULAR HOUSING GROUP, INC., PAUL THOMAS, | ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER ORDER ENFORCING SETTLEMENT AGREEMENT [DOCKET NO. 206] |
| Defendants. | |

Plaintiffs Larson Manufacturing Company of South Dakota, Inc. and

Superior Homes, LLC ("plaintiffs") have moved the court for entry of final

partial judgment pursuant to Fed. R. Civ. P. 54(b). See Docket No. 190. The

parties reached a final resolution of 13 of the original claims initially pleaded

by plaintiffs in this action. Resolution was obtained through a partial

settlement agreement and mutual release entered into by the parties on

November 22, 2017. See Docket No. 191-2.

The claims that the parties have settled arise out of transactions separate and apart from the remaining claims scheduled for trial in this action. Under the terms of the partial settlement agreement, defendants Western Showcase Homes, Inc., American Modular Housing Group, LLC, American Modular Housing Group, Inc., and Paul Thomas had until April 12, 2019, to make payment prescribed by the agreement. Each of these defendants executed a confession of judgment in favor of plaintiffs which plaintiffs had the unrestricted right to file as of April 12, 2019, if defendants had not made the payments required by the partial settlement agreement. Defendants have not made any payments under the agreement. The court finds that plaintiffs efforts to collect on the confessions of judgment executed by all four defendants would be hampered by any further delay.

Defendants attempt to prevent the entry of judgment on their confessions of judgment and seek to reopen the court's prior order enforcing the partial settlement agreement. <u>See</u> Docket No. 206. Defendants argue this court lacks subject matter jurisdiction to entertain plaintiffs' motion due to a forum selection clause in the settlement agreement. First, defendants themselves invoked this court's jurisdiction by removing this case to federal court. The court found at the time, and finds today, that it has proper subject matter jurisdiction under 28 U.S.C. § 1332. A forum selection clause does not deprive this court of the power to hear this matter.

Second, the forum selection clause applies only to disputes under the agreement. Defendants have not disputed that they have made no payments

under the settlement agreement, have not disputed the deadline for doing so was April 12, 2019, or that they validly executed the confessions of judgment to be entered as of the deadline in the event payment was not made. None of the facts or arguments asserted by defendants in their motion, even if true, invalidate the contract nor do they represent a breach of the contract by plaintiffs. So neither plaintiffs' motion nor defendants' motion constitute a "dispute" under the agreement as contemplated by the forum-selection clause. The forum-selection clause is not applicable to plaintiffs' motion for entry of judgment.

Third, the parties have already litigated the validity of the settlement agreement and the court ordered that it be enforced. <u>See</u> Docket No. 50. The parties' memorandum of understanding (on which the settlement agreement was based) was in existence prior to the time of this earlier litigation over the agreement, and the memorandum of understanding contained the same forum selection clause. <u>See</u> Docket No. 33-1 at p. 3. Even if the parties' arguments regarding the agreement can be characterized as a "dispute arising under the agreement," the court finds defendants waived their right to insist on the forum-selection clause by not asserting this clause in the earlier litigation.

Finally, defendants assert copious facts in their motion regarding payments they were expecting to realize under the "consulting agreement" but which never materialized. Plaintiffs were never parties to the consulting agreement—the parties to the consulting agreement were defendant Paul

Thomas, T & T Developments (owned by Mr. Thomas), and a third party, 1013660 B.C.

Under the terms of the settlement agreement, plaintiffs accepted an assignment of any proceeds defendants might receive under the consulting agreement. See Docket No. 191-2 at p. 3, ¶4(a) and (b). However, plaintiffs did not accept any assignment of any obligations under the consulting agreement. Id. Furthermore, although plaintiffs agreed to subtract any consulting fees they received under the consulting-fees-assignment from defendants' total obligation under the settlement agreement, the assignment did not affect defendants' own obligations to pay under the terms of the settlement agreement and confessions of judgment. Id. If no consulting fees were paid to plaintiffs pursuant to the assignment, all four defendants remained liable to pay the full amount required by the settlement agreement. Id. Therefore, what happened to Mr. Thomas and T & T Developments with regard to the consulting agreement they had with the third party is irrelevant to defendants' ultimate obligations to pay plaintiffs the sums they promised to pay under the terms of the settlement agreement.

Based on the foregoing discussion, it is hereby

ORDERED that plaintiff's motion for entry of judgment [Docket No. 190] is granted; it is further

ORDERED that defendants' motion to reconsider this court's prior order enforcing the partial settlement agreement [Docket No. 206] is denied; it is further

ORDERED that the Clerk of Court enter Final Judgment in favor of plaintiffs that they have and recover from defendants Western Showcase Homes, Inc., American Modular Housing Group, LLC, American Modular Housing Group, Inc., and Paul Thomas, jointly and severally, in the amount of $1,402,407, plus prejudgment interest in the amount of $188,155.10, for a total sum of $1,590,562.10, plus post-judgment interest at the rate of 5% per annum; and, finally, it is

ORDERED that the above judgment is certified as a final judgment under Federal Rule of Civil Procedure 54(b).

DATED this 25th day of April, 2019.

BY THE COURT:

_____

VERONICA L. DUFFY
United States Magistrate Judge